IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY G. JUNKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MEDICAL COMPONENTS, INC., et al. | : | NO. 13-4606 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                 February 9, 2015

Defendants have filed a motion to compel additional discovery responses in this patent dispute, claiming that Plaintiff's responses "lacked specificity, were answered without particularity, and were non-responsive." Doc. 67 at 1. The motion is fully briefed, as is a related defense motion to strike. See Docs. 76, 80, 81, 84, and 86. The Honorable L. Felipe Restrepo heard argument on the motions on January 16, 2015, Docs. 89 & 99, and thereafter referred disposition to the undersigned. Doc. 91.

**I.     Interrogatories and Document Production Requests**

Because the Interrogatories and Document Production Requests overlap, I will address the related topics together.

**A.     Interrogatory 16 & Request for Production 72**

In Interrogatory 16, Defendants asked Plaintiff to

> Describe all times that You requested a contract with James Eddings, Xentek, or Galt Medical Corporation ["Eddings, et al."] to reflect Your business relationship with [Eddings, et al.], and the substance of any/all communications, and include the Bates # of any document produced that are [sic] responsive to that information requested in this interrogatory.

Plaintiff first objected on the bases of vagueness and relevancy.  Plaintiff also referred Defendants to written non-disclosure agreements (with referenced Bates numbers), and oral agreements between Plaintiff and Eddings, et al. regarding the production of a saleable product.

Considering that Plaintiff responded to this interrogatory by stating that he and Eddings, et al. had a business relationship for the development of the sheath that is the subject of the patent at issue, clearly the agreements and understandings between Plaintiff and Eddings, et al. are relevant to the litigation.  Although Plaintiff identified agreements that he and Eddings, et al. entered into, see Doc. 67-6 at 3, he failed to identify any other times that he requested a contract with any of them.  If there are no other times that Plaintiff requested agreements with any of Eddings, et al., he shall so state.  If Plaintiff made such requests but was spurned, he shall identify when he made such request and to whom, and shall identify the response he received and any ensuing discussion, and produce any document evidencing such communication.

In related Document Request 72, Defendants sought

> Any and all documents sufficient to show any communication made from You to [Eddings, et al.] which reflect your business relationship with [Eddings, et al.], including any/all contracts signed by the parties, or draft contracts not signed by the parties.

Plaintiff responded that the request was vague and unintelligible.  I disagree.  The relationship between these parties is at the core of the case and documents evidencing that relationship are relevant to the litigation.  Plaintiff shall produce any documents, signed or unsigned, final version or draft, that evidence the relationship between

Plaintiff and any of Eddings, et al.  If such documents have previously been produced, Plaintiff shall identify the responsive documents by Bates number.

  **B.  Interrogatory 17 & Request for Production 73**

In Interrogatory 17, Defendants asked Plaintiff to

> Describe any written agreements which showed that there was an understanding between You and [Eddings, et al.] regarding who owns the designs as reflected in U.S. Patent No. D450,839 ["the 839 patent"], and include the Bates # of any documents produced that are responsive to the information requested in this interrogatory.

In related Document Request 73, Defendants sought

> Any and all documents sufficient to show any written agreement between You and [Eddings, et al.] which showed that there was an understanding regarding which party owns the designs as reflected in [the 839 patent].

Plaintiff responded that the interrogatory was irrelevant to the issues pleaded in the litigation and referred Defendants to prior litigation, which he asserts establishes that he is the owner and inventor of the 839 patent.  Such information is not responsive to the request.[1]  In responding to both the interrogatory and the document request, Plaintiff contended that the request was vague and unintelligible.

  If Plaintiff entered into any written agreements commenting directly or indirectly on the ownership of the designs in the 839 patent, he shall produce it or, if previously produced, shall identify it by Bates number.  If Plaintiff does not have any written

---

[1]Plaintiff has presented a collateral estoppel argument based on prior litigation in his summary judgment motion.  Doc. 93 at 29-33.

3

agreement evidencing the ownership of the designs in the 839 patent, he shall so inform Defendants.

### C. Interrogatory 18 & Request for Production 74

In Interrogatory 18, Defendants asked Plaintiff to

> Describe any written agreements which identified that [Eddings, et al.] worked for You and that You owned all of the ideas and inventions of [the 839 patent], and include the Bates # of any documents produced that are responsive to the information requested in this interrogatory.

Plaintiff objected to this interrogatory as irrelevant, vague and unintelligible based on the term "ideas and inventions." Plaintiff then referred to his responses to Interrogatories 16 and 17. Plaintiff's reliance on the prior litigation is unresponsive to this request. If Plaintiff has any written agreements indicating that any of Eddings, et al. worked for him or that he owned any of the ideas embodied in the 839 patent, he shall produce or identify them by Bates number. If there are no agreements to that effect, he shall so state.

In related Document Request 74, Defendants sought

> Any and all documents sufficient to show any written agreements which identified that [Eddings, et al.] worked for you and that You owned all of the ideas and inventions of [the 839 patent].

In response, Plaintiff objected to the request as vague and unintelligible. Again, the relationship between Plaintiff and Eddings, et al. is relevant to the development of the patent. If, as Plaintiff indicated, he has produced all responsive documents, he shall further identify the responsive documents by Bates number.

4

### D.     Interrogatory 19 & Request for Production 75

In Interrogatory 19, Defendants asked Plaintiff to

> Describe any drawings of [the 839 patent] that were made at your direction including who you instructed to design said drawings at your direction, the substance of any communications and whether or not any changes to said designs were done by You or your subordinate, including the identity of said subordinate, and include the Bates # of any documents produced that are responsive to the information requested in this interrogatory.

In related Document Request 75, Defendants sought

> Any and all documents sufficient to show that the drawings of [the 839 patent] were made at your direction, including who You instructed to design said drawings at your direction, the substance of any communications, and whether or not any changes to said designs were done by You or your subordinate, including the identity of said subordinate.

Plaintiff objected to both on the basis of vagueness and intelligibility. Plaintiff also stated that "all drawings for [the 839 patent] were prepared at [Plaintiff's] direction in consultation with his patent attorney and a draftsman," and that the drawings were not changed once the patent was filed. Doc. 67-6 at 5. In their motion, Defendants seek the identity of the draftsman referred to in the response, explaining that the information received by the draftsman is crucial. Doc. 67 at 5. In response to the motion, Plaintiff represented that he does not know the identity of the draftsman. Doc. 76 at 3. Plaintiff shall amend his response to provide a formal response to this interrogatory, identifying any persons he is aware of that drafted or contributed to the drafting of the drawing of the patent. If he does not know their identities, he shall make such a representation in a

5

formal response.  He shall also identify any previously produced documents responsive to Request for Production 75 by Bates number.

## II.     Requests for Admissions

Defendants also seek the court to compel Plaintiff to respond to the Requests for Admissions.  In the first Request for Admission, Defendants asked that Plaintiff admit that he was the inventor of "all of the features of the Patent-In-Suit."  Doc. 67-5 at 1.  The subsequent Requests for Admissions ask Plaintiff to admit that individual items or details are "claimed feature[s] of the Patent-In-Suit," and then to admit that he did not invent that claimed feature or was not the sole contributor to all of the pertinent design features.  Id. at 1-6.  The remainder of the Requests for Admissions focus on the functionality of the rounded handles.  Id. at 5-8.

Plaintiff objected to each of the requests.  Because these admissions call for conclusions of law that are at the core of the case, I will sustain Plaintiff's objections.  Although Rule 36 and Requests for Admissions are designed to expedite a trial by establishing some material facts as true, "requests for admissions may not be applied to a controverted legal issue lying at the heart of the case."  Pittsburgh Hotels Ass'n v. Urban Redevelopment Auth. of Pittsburgh, 29 F.R.D. 512, 513 (W.D. Pa. 1962).  "Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'"  McCarthy v. Darman, Civ. No. 07-3968, 2008 WL 2468694, at *1 (E.D. Pa. 2008) (quoting Ghazerian v. United States, No. 89-8900, 1991 WL 30746, at *2 (E.D. Pa. Mar. 5, 1991)).

Defendants have asked the court to conduct claim construction and determine whether Defendants were selling an identical product prior to Plaintiff's filing for the patent. See Doc. 95 at 1-5.  Plaintiff argues that "a proper claim construction should not unduly emphasize individual features but must encompass the overall visual impression of the design." Doc. 93 at 15-16.  Thus, these requests for admissions go to the heart of the claim construction and the parties' differences on how the court should proceed.  Therefore, I will sustain Plaintiffs' objections.

### III. Motion to Strike

Finally, Defendants have filed a motion to strike Plaintiff's opposition to the motion to compel, citing Judge Restrepo's Policies and Procedures.  Having considered the response to the motion to compel in the prior discussion, my decision on this issue should be apparent.

The cited policy requires the filing of a response to a motion to compel within five days.  Here, Plaintiff filed his response 14 days after the filing of the motion.  However, Judge Restrepo's policy is applicable when the court has already considered letter briefs and conducted a telephonic conference.  In such a case, the responding party had already prepared a response and it need only be made formal for filing within the five days.  In this case, rather than drown in a sea of paper, the court had earlier taken the drastic measure of ordering the parties to cease letter correspondence to the Court. See Doc. 60.  Thus, the informal mechanism for discovery dispute resolution was off the table, as was the benefit of having provided the court with a letter brief and orally presenting a response to the motion. Employing the formal mechanism, Plaintiff had 14

7

days to file a response. Loc. R. Civ. P. 7.1(c). Therefore, the motion to strike will be denied.

An appropriate Order follows.