**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr><td>

**LARRY G. JUNKER,**

     *Plaintiff,*

 v.

**MEDICAL COMPONENTS, INC.,** *et al.,*

     *Defendants.*

</td><td>

:    CIVIL ACTION
:
:
:
:    No. 13-4606
:
:
:
:

</td></tr>
</table>

## ORDER

  **AND NOW,** this 4th day of January, 2019, upon consideration of Plaintiff's "Motion to Exclude the Expert Testimony of Richard P. Meyst, Gerald J. Mossinghoff, Dana Trexler Smith, and Timothy Schweikert" (Doc. No. 196), Plaintiff's "Motion for Summary Judgment on Invalidity, Infringement, and Damages" (Doc. No. 197), Defendants' "Motion for Summary Judgment of Invalidity and Non-Infringement" (Doc. No. 202), and Defendants' "Motion to Exclude the Expert Report of Peter W. Bressler (Daubert Motion)" (Doc. No. 203), and the respective memoranda in support, responses, and replies thereto, and for the reasons set out in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

- Plaintiff's "Motion for Summary Judgment on Invalidity, Infringement, and Damages" (Doc. No. 197) is **GRANTED IN PART AND DENIED IN PART.** Specifically, Plaintiff's Motion is **GRANTED** only as to the following affirmative defenses raised by Defendants: indefiniteness under 35 U.S.C. § 112; the on-sale bar under § 102(b); prosecution history estoppel, and patent misuse. In all other respects, Plaintiff's Motion is **DENIED.**

- Defendants' "Motion for Summary Judgment of Invalidity and Non-Infringement" (Doc. No. 202) is **DENIED.**

- Plaintiff's "Motion to Exclude the Expert Testimony of Richard P. Meyst, Gerald J. Mossinghoff, Dana Trexler Smith, and Timothy Schweikert" (Doc. No. 196) is **DENIED, IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE**. Specifically, Plaintiff's Motion is **DENIED WITH PREJUDICE** as to Plaintiff's contention that: (1) Meyst uses the wrong claim construction; (2) Meyst's indefiniteness opinion should be excluded; (3) Meyst's inventorship opinion should be excluded because "inventorship is not in the case." Plaintiff's Motion is **DENIED AS MOOT** as to Schweikert, based on Defendants' representation that they do not intend to call him as a witness. In all other respects, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.[1]

- Defendants' "Motion to Exclude the Expert Report of Peter W. Bressler (Daubert Motion)" (Doc. No. 203) is **DENIED WITHOUT PREJUDICE**.[2]

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**
_____
**MITCHELL S. GOLDBERG, J.**

---

[1] As noted in the accompanying Memorandum Opinion, I have not relied on Meyst's opinions on infringement or damages, or any of Mossinghoff's or Smith's opinions, in deciding the cross-motions for summary judgment. Accordingly, Plaintiff may re-raise his arguments that these opinions should be excluded prior to trial.

[2] As noted in the accompanying Memorandum Opinion, I have not relied on Bressler's opinions on infringement in deciding the cross-motions for summary judgment. Accordingly, Defendants may re-raise their arguments that these opinions should be excluded prior to trial.