**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| LARRY G. JUNKER, | : | CIVIL ACTION |
| | : | No. 2:13-cv-4606 |
| *Plaintiff*, | : | |
| | : | |
| *v.* | : | |
| | : | THE HONORABLE |
| | : | MITCHELL S. GOLDBERG |
| MEDICAL COMPONENTS, INC. and | : | |
| MARTECH MEDICAL PRODUCTS, INC., | : | |
| | : | |
| *Defendants*. | : | |

_____ :

## DEFENDANTS' MOTION TO RELEASE DEPOSIT OF FUNDS HELD IN ESCROW UNDER FED. R. CIV. P. 62(b)

Defendants Medical Components, Inc. and Martech Medical Products, Inc. (collectively, "Defendants") hereby move this Honorable Court for the immediate release of the $1.5 million in security that Defendants paid into the Court to stay execution and enforcement of the Court's Order dated January 14, 2021, entering judgment in favor of Plaintiff Larry G. Junker ("Plaintiff") and against Defendants. That Order and judgment have since been reversed by the United States Court of Appeals for the Federal Circuit. *See Junker v. Medical Components, Inc.*, ___ F. 4th ___, No. 21-1649 (Fed. Cir. Feb. 10, 2022) (slip op.). As such, there is no longer any judgment against Defendants to be stayed, and no security is necessary.

1.      This Court entered judgment in favor of Plaintiff against Defendants on January 14, 2021. The Court awarded Plaintiff $1,247,910 in disgorged profits. *See* ECF 306.

2.      Defendants timely appealed this judgment to the Federal Circuit.

3.      As they pursued their appeal, Defendants sought a stay of execution and enforcement of the Court's judgment, and Defendants offered a deposit of $1.5 million to be placed in escrow as security under Fed. R. Civ. P. 62(b).

4.      The Court approved the $1.5 million deposit and stayed execution of its judgment in a Consent Order entered on February 16, 2021.

5.      Defendants' appeal to the Federal Circuit proceeded.  On February 10, 2022, the Federal Circuit issued a precedential opinion reversing this Court's judgment.  *See Junker v. Medical Components, Inc.*, ___ F. 4th ___, No. 21-1649 (Fed. Cir. Feb. 10, 2022) (slip op.) (attached as Exhibit A).

6.      Importantly, the Federal Circuit did not remand for further proceedings.  Rather, the Federal Circuit entered judgment in favor of Defendants.  *See Junker v. Medical Components, Inc.*, No. 21-1649, at ECF 54 (attached as Exhibit B).

7.      Thus, there is no longer any judgment against Defendants in this matter.  To the contrary, judgment has been entered against Plaintiff.

8.      As such, Defendants are not responsible under Fed. R. Civ. P. 62(b) for securing any funds against enforcement of any judgment.  If any party were to seek a stay of enforcement or execution of the operable judgment in this case, it would be Plaintiff.

9.      Also, if any further appeal is to be taken from the judgment entered in this case, it would be an appeal by Plaintiff, whose only recourse is to seek either a panel rehearing or rehearing *en banc* at the Federal Circuit, or to file a petition for certiorari with the Supreme Court of the United States.

10.     Notably, this means all of Plaintiff's remaining avenues of appeal are by permission, not by right.  Indeed, even if Plaintiff seeks rehearing at the Federal Circuit, Defendants need not respond unless the Federal Circuit so orders.

11.     With judgment now entered against Plaintiff and no further appeals by right available to him, no justification for the Court's retention of the funds remains.[1]  They should be released to Defendants.

**WHEREFORE**, Defendants respectfully request this Honorable Court to enter an Order releasing the $1.5 million currently held in escrow, and any interest accrued thereon, and directing such funds to be immediately returned to Defendants.

Respectfully submitted,

Dated: February 18, 2022          */s/ Joseph C. Monahan*
                                  Alfred W. Zaher
                                  Joseph C. Monahan
                                  Montgomery, McCracken, Walker & Rhoads, LLP
                                  1735 Market St., 21st Floor
                                  Philadelphia, PA 19103

                                  *Counsel for Defendants*

---

[1] Consistent with an email Plaintiff's counsel sent to the Court on February 14, 2022, Defendants anticipate Plaintiff will claim a purported "circuit split" cuts in favor of his chances at either a panel rehearing, a rehearing *en banc*, or a grant of certiorari by the Supreme Court.  Such claim is manifestly specious, where the Federal Circuit is the only circuit with jurisdiction over questions of patent law.  To the extent Plaintiff believes there is a circuit split over general contract law, he likewise misses the mark, as contract law is a matter of state law.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 18th day of February, 2022, I filed the foregoing with the Court by

CM/ECF, which then served all counsel of record.

*/s/ Joseph C. Monahan*
Joseph C. Monahan
